UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
AUG 3 1 2016
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| ESTHER STEWARD and KARIM STEWARD, ) ) ) ) Plaintiffs, ) ) v. ) ) GOLDMAN SACHS MORTGAGE ) COMPANY, L.P., and ) LITTON LOAN SERVICING, L.P., ) ) Defendants. ) | Case No: 14-cv-01868-RCL |
| U.S. BANK NATIONAL ASSOCIATION, ) *et al.* ) ) Plaintiff, ) ) v. ) ) STEWARD, *et al.* ) ) Defendants. ) | Case No: 15-cv-02041-RCL |

## MEMORANDUM OPINION

### I. INTRODUCTION

The motions before the Court concern two cases which one of the parties has moved to consolidate. The defendants in Civil Action No. 14-1868 have moved to dismiss and the plaintiffs in Civil Action No. 15-2041 have moved to remand.

Esther Steward and Karim Steward ("the Stewards") are suing Goldman Sachs Mortgage Company, L.P. ("Goldman Sachs") and Litton Loan Servicing, L.P. ("Litton") for quiet title and

1

declaratory relief as to the interests in 715 S Street NW, Washington, D.C. Goldman Sachs and Litton have filed a motion to dismiss Civil Action No. 14-1868.

U.S. Bank National Association ("U.S. Bank") is suing the Stewards in Civil Action No. 15-2041 for judicial foreclosure on the same property and the case was removed to this Court, but U.S. Bank has filed a motion to remand the case to D.C. Superior Court. The Stewards have filed a motion to consolidate the two cases.

The motions to dismiss and remand are granted, rendering the motion to consolidate moot.

## II. BACKGROUND

The Stewards obtained the deed to 715 S Street NW, Washington, D.C., in November 2004 and used a mortgage loan to finance their purchase. Steward Compl. ¶¶ 3, 7, ECF No. 1. They used Fremont Investment & Loan ("Fremont" or "Fremont Investment"), which did not have a license to engage in mortgage lending in D.C. to refinance their home for a lump sum cash payment in February 2006. *Id.* ¶¶ 8–10. The Stewards executed two Deeds of Trust ("Deed I" and "Deed II") with Fremont Investment for loans of $624,000 and $156,000, respectively. Defs.' Mem. in Supp. of Mot. Dismiss Exs. B, C, ECF No. 6. The deeds state that Fremont Investment is the lender and/or original payee on the Stewards' Note and that Fremont possesses a security interest in the property. Steward Compl. ¶ 15.

In August 2008, Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Fremont Investment, transferred Fremont's interest under Deed I to U.S. Bank. U.S. Bank Compl. ¶ 13, ECF No. 1. After the Stewards missed several loan payments, U.S. Bank sent a demand letter to the Stewards in April 2009 regarding their default. *Id.* at ¶¶ 16–17. The Stewards failed to cure their default and U.S. Bank attempted to foreclose on the property. *Id.* at ¶ 18; Steward Compl. ¶ 18. In July, the D.C. Superior Court enjoined U.S. Bank from selling the

2

property on the scheduled date, Steward Compl. ¶ 26, but the case was later dismissed by the District Court due to the lack of responsiveness by the Stewards' attorney, *id.* at ¶ 31.[1] U.S. Bank is the current holder and beneficiary under Deed I.. U.S. Bank Compl. ¶ 15.

In September 2011, MERS assigned Deed II to Goldman Sachs and Goldman Sachs nominated Litton as its servicer. Steward Compl. ¶¶ 40–41.

The Stewards filed this action against Goldman Sachs and Litton in D.C. Superior Court on October 10, 2014. Goldman Sachs and Litton removed this case to the District Court in November 2014 and moved the court to dismiss the case. The Court requested and received supplemental memoranda regarding the D.C. Mortgage Lender and Broker Act of 1996, D.C. Code §§ 26-1100 *et seq.*

In October 2015, U.S. Bank filed Civil Action No. 15-2041 against the Stewards in the Superior Court for the District of Columbia. In November 2015, the Stewards removed the case to this Court and moved to consolidate this case with Civil Action No. 14-1868, in which the Stewards are plaintiffs. U.S. Bank has moved to remand Civil Action No. 15-2041 back to D.C. Superior Court.

### III. STANDARD OF REVIEW

"Under Rule 12(b)(6), a plaintiff need only plead 'enough facts to state a claim to relief that is plausible on its face' and to 'nudge[ ] [his or her] claims across the line from conceivable to plausible.'" *Hunter v. District of Columbia*, 64 F. Supp. 3d 158, 165 (D.D.C. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

---

[1] The Stewards' attorney was facing disciplinary proceedings before the D.C. Bar Board of Professional Responsibility during the winter of 2010. He was suspended from practice in April 2011 and disbarred in November 2011.

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court must accept as true all factual allegations contained in the complaint and construe the complaint liberally in the plaintiff's favor, granting the plaintiff the benefit of all reasonable inferences that can be derived. *Boykin v. Gray*, 895 F. Supp. 2d 199, 205 (D.D.C. 2012).

Civil actions filed in state court may be removed to a United States district court by the defendant so long as the case could have been filed in the district court originally. 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). A challenge to subject matter jurisdiction may be raised on a motion to remand by the parties. 28 U.S.C. § 1447(c).

Courts should apply a strict reading to the removal statute to avoid federalism concerns. See *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). Any uncertainty about the existence of subject matter jurisdiction should be resolved in favor of remand. *Hood v. F. Hoffman-La Roche, Ltd.*, 639 F. Supp. 2d 25, 28 (D.D.C. 2009) (citing *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007)).

IV. **ARGUMENT**

   A. **Motion to Dismiss**

The Stewards claim Goldman Sachs and Litton violated Section 26-1114(a)(10) of the D.C. Mortgage Lender and Broker Act, D.C. Code § 26-1100 *et seq.*, and the D.C. Loan Shark Act, D.C. Code § 26-901 *et seq.* However, Fremont Investment was a "bank" under D.C. Code § 26-1102(1) and therefore was exempt from the regulations of §§ 26-1100 *et seq.* Additionally,

because the loan in this case was greater than $25,000, the D.C. Loan Shark Act does not apply. Therefore, the motion to dismiss Civil Action No. 14-1868 will be granted.

The relevant section of the D.C. Mortgage Lender and Broker Act reads:

> (a) No mortgage broker, mortgage lender, mortgage loan originator, or loan officer required to be licensed under this chapter, or person required to be licensed under this chapter, shall:
> (10) Purchase loans from an unlicensed mortgage broker or lender, unless the unlicensed mortgage broker or lender is exempt under § 26-1102;

D.C. Code § 26-1114(a)(10). Section 1102(1) states that the provisions of the Mortgage Lender and Broker Act shall not apply to:

> (1) Any bank, trust company, savings bank, savings and loan association, or credit union incorporated or chartered under the laws of the United States, any state or territory of the United States, or the District, and any other financial institution incorporated or chartered under the laws of the District or of the United States, that accepts deposits and is regulated under Title 26 of the District of Columbia Official Code.

D.C. Code § 26-1102(1).

In their Complaint, the Stewards argue that Goldman Sachs possesses no right to the property because Deed II was "void *ab initio*." Steward Compl. ¶¶ 45, 48, 50, 51, 53, 54. Therefore, the appropriate question to ask is whether Fremont Investment was a "bank" for the purposes of § 26-1102(1) at the time the deed was executed and the loan was issued—March 8, 2006. *See* Steward Compl. ¶ 10.

Fremont Investment was a "bank" on March 8, 2006. On October 11, 2004, Fremont Investment received a Certificate of Authority from the State of California Department of Financial Institutions and was "authorized to transact industrial banking business." Defs.' Mem. Supp. Mot. Dismiss Ex. A, ECF No. 17. The same day, it received a certification from the Federal Deposit Insurance Corporation ("FDIC"). Defs.' Mem. Supp. Mot. Dismiss Ex. B, ECF No. 17. Furthermore, a Certificate of Search from the State of California Department of Business

Oversight confirms that in March 2006, Fremont Investment & Loan "was licensed to conduct the business of an industrial bank." Defs.' Suppl. Mem. In Resp. to Ct.'s March 6, 2015 Order Ex. A, ECF No. 20. Fremont Investment did not cease operating as bank and become inactive until 2008, Pl.'s Suppl. Mem. in Resp. to Mar. 5, 2015 Order 2, ECF No. 19, more than two years after the execution of Deed II. The Stewards have conceded that "Fremont was, at one time, a commercial, state-chartered, non-federal reserve bank." *Id.* at 1.

Furthermore, this is not the first time this Court has considered whether § 26-1100 *et seq.* applies to Fremont Investment. Previously, this Court has found that Fremont Investment was a "bank" according to Section 1102(1) and was therefore not subject to the Mortgage Lender and Broker Act. *See Blue v. Fremont Inv. & Loan*, 562 F. Supp. 2d 33, 44 (D.D.C. 2008) (dismissing claim under D.C. Mortgage Lender and Broker Act because Fremont was exempt under D.C. Code § 26-1102(1)); *see also In re Stevenson*, No. 06-00306, 2013 WL 8149438, at *13 (Bankr. D.D.C. Jan. 4, 2013) (holding that Fremont Investment qualified for exemption as a bank under D.C. Code § 26-1102(1) and striking borrower's asserted defense that loan issued by Fremont Investment was invalid due to not being licensed in District of Columbia).

In light of the above-described documents and precedent, it is clear that Fremont Investment was a "bank" for the purposes of Section 1102(1) in March 2006, and was therefore exempt from the licensing requirement of Section 1114(1)(10).

The D.C. Loan Shark Act is similarly inapplicable to this case because the loan in question is greater than $25,000. According to the Loan Shark Act, "[i]t shall be unlawful and illegal to engage in the District of Columbia in the business of loaning money upon which a rate of interest greater than 6% per annum is charged on any security of any kind, direct or collateral, tangible or intangible, without procuring license." D.C. Code § 26-901(a). However, "[n]o provision of this

[law] shall apply with respect to any loan, or to the making of any loan . . . [g]reater than $25,000." D.C. Code § 26-912(a)(5). The Stewards have not challenged this interpretation of the Loan Shark Act in their response to the Goldman Sachs and Litton's motion to dismiss.

In this case, the loan in question was for $156,000. Defs.' Mem. in Supp. of Mot. Dismiss 11. This exempts it from the licensing requirements of the Loan Shark Act which the Stewards allege has been violated. *See Poblete v. Indymac Bank*, 657 F. Supp. 2d 86, 95-96 (D.D.C. 2009) (citing D.C. Code § 26-912(a)(5)) (the Loan Shark Act did not apply to loans of $688,000 and $177,000 because "the D.C. Loan Shark Act explicitly exempts from its coverage loans greater than $25,000"). Because the Stewards failed to challenge this interpretation, "the court may treat the argument as conceded." *Id.* at 95.

Because neither of the statutes which the Stewards assert were violated apply to the loan or to the institutions in question, Goldman Sachs and Litton's motion to dismiss will be granted. Because the case against Goldman Sachs and Litton will be dismissed, the Stewards' motion to consolidate is moot.

**B.     Motion to Remand**

The Stewards are not permitted to remove U.S. Bank's case against them to federal court.

The Stewards removed U.S. Bank's case to federal court on the basis of jurisdiction under § 1332(a). Defs.' Notice of Removal 2, ECF No. 1. However, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); *see also Brooks v. District of Columbia*, 819 F. Supp. 67, 68 (D.D.C. 1993); *Strategic Lien Acquisitions LLC v. Republic of Zaire*, 344 F. Supp. 2d 145, 146 (D.D.C. 2004) ("[S]ection 1441(b) only permits a defendant to

7

remove a case to federal district court based on the diversity of the parties if 'no defendant is a citizen of the State in which such action is brought.'" (quoting *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 62 (1996)) (internal quotation marks omitted)).

In *Brooks*, the plaintiff sued the District of Columbia for injuries allegedly sustained when the plaintiff was caught in the crossfire between D.C. police officers and third parties. 819 F. Supp. 67, 68. The District of Columbia removed the case on the basis of diversity jurisdiction but the District Court remanded it because the defendants were residents of the forum in which the case had been initially filed and therefore "the case is not one subject to removal." *Id*. In *Strategic Lien Acquisitions*, the defendant removed a foreclosure action to the federal court. 344 F. Supp. 2d at 146. However, the defendant admitted that he was a permanent resident alien of the District of Columbia and therefore, for the purposes of analysis, a citizen of the District of Columbia. *Id*. at 146. Because he was also a defendant in the foreclosure action, which had been brought in the District of Columbia, "he [could not] remove the foreclosure action on the basis of the Court's diversity jurisdiction." *Id*. at 147.

U.S. Bank originally filed this case in the Superior Court for the District of Columbia. Defs.' Notice of Removal 1. The Stewards removed it to the District Court. *Id*. "[A] Defendant may not remove a case to federal court on the basis of diversity when the suit was filed in the Defendant's home state." *Brooks*, 819 F. Supp. at 68. Similarly to the defendant in *Strategic Lien Acquisitions*, defendant Karim Steward is a resident of the District of Columbia. Defs.' Notice of Removal 3. Therefore, the Stewards are not permitted to remove this case to federal court.

In their Opposition, the Stewards do not challenge U.S. Bank's interpretation of the statute, nor do the Stewards challenge the residency of defendant Karim Steward. Instead, the Stewards argue that joinder of U.S. Bank to the preexisting federal case would have been permissive and

8

that the motion to consolidate the cases should be decided before the motion to remand. Defs.' Mem. in Supp. of Opp'n to Pl.'s Mot. To Remand 2, ECF No. 10. These arguments are not persuasive. "Even where an action could have been originally brought in federal court, the defendant may not remove the state action to federal court if the defendant is a citizen of the state in which the action was filed." *Brooks*, 819 F. Supp. at 68. Additionally, the Court does not need to address the motion to consolidate because the preexisting federal case has been dismissed.

## V.   CONCLUSION

The Stewards' case against Goldman Sachs and Litton will be dismissed because Goldman Sachs and Litton are exempt from the licensing requirements and regulations of the D.C. Mortgage Lender and Broker Act and the D.C. Loan Shark Act. Fremont Investment was a "bank" under § 26-1102(1) and therefore was exempt from § 26-1114. The loan in question was for an amount greater than $25,000 and therefore was exempt from the Loan Shark Act provisions. Because one of the cases which the Stewards have moved to consolidate will be dismissed, the motion to consolidate is moot. Finally, U.S. Bank's motion to remand will be granted because defendant Karim Steward is a resident of the District of Columbia, the forum in which the case was originally filed.

Separate orders in each case will be issued this date.

Dated: 5/31/16

Honorable Royce C. Lamberth
United States District Court

9